## JAMES DOUGLAS BROWN, RESPONDENT, *v.* NICHOLAS II. DECKER, APPELLANT.

*Defense that the plaintiff is not the owner of the judgment sued on—what evidence is admissible to establish it—property held by a bank as trustee does not pass by an assignment of its assets.*

This action was brought upon a judgment recovered by the Rochester Bank against the defendant and others, and which the plaintiff claimed to own, by virtue of an assignment from the bank, and because he was the sole stockholder thereof at the time it ceased to do business. The judgment was recovered on a note made by and discounted for the defendant. The defenses set up in the answer herein were that the plaintiff never became the owner of, or paid value for the judgment; that, if any judgment existed, is belonged to one Clark, and that the plaintiff was not the real party in interest.

Upon the trial the defendant offered to prove by one Eldridge, one of the indorsers of the said note, and one of the judgment debtors, that he had paid the note to the president of the bank, the plaintiff, and requested him to bring the action against himself, the defendant and another, in order that he might avail himself of the judgment to collect the amount thereof from the other parties. The testimony was rejected on the ground that it was immaterial, and tended to contradict a record, the witness having allowed a judgment by default to be recovered against him on the note.

*Held,* that it was error to exclude the evidence.

That it did not tend to contradict the record, but only to show an independent agreement affecting the ownership of the judgment.

That the fact that the particular defense sought to be established was not set

forth in the answer, was immaterial, as the evidence was not rejected on that ground.

That it was also admissible as tending to show that the bank held the judgment as a trustee for the benefit of Eldridge, and that it did not, therefore, pass to the plaintiff, under the assignment, as part of the assets of the bank.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Samuel G. Courtney*, for the appellant.

*Rastus S. Ransom*, for the respondent.

BRADY, J.:

This action was brought to recover the sum of $2,056.19, being the amount of a judgment recovered on August 18, 1854, by the Rochester Bank against the defendant, the plaintiff claiming title to the judgment by virtue of an alleged assignment to him by the bank, and also because he was the sole stockholder of the bank at the time its business was closed. The action against Decker was based on a promissory note, made by him, and discounted for him by the bank. The defendant averred in his answer that the plaintiff never became the owner of the judgment mentioned in the complaint, that he never paid any value for the judgment, and that if any such judgment existed, one Freeman Clark, of Rochester, and others whose names were unknown to him, were the owners of it, and that the plaintiff was not the real party in interest. During the course of the trial many exceptions were taken on behalf of the defendant, relating to the proof by which the plaintiff sought to establish his title to the judgment as the assignee of the bank, by a resolution of its board of directors, and also as to the sole ownership of the entire stock by him.

It is not necessary, however, to consider any of these exceptions, in the view we take of the exceptions taken to the admission of evidence which was sought to be elicited from John R. Eldridge, who was one of the indorsers of the note, and one of the judgment

debtors in the judgment of which this action is predicated. The defendant sought to show by him that the note had been paid by him, which was objected to on the ground that it contradicted a record, the witness having permitted a judgment to pass against him upon the note, by default. He was also asked whether he gave any instructions to or requested the president of the bank to bring an action against Decker, another and himself, which was also objected to for the same reason, and excluded. He was also asked whether he did not pay the Bank of Rochester the amount of the note after he had given instructions to have the suit brought, and before the judgment. The object of these questions, taken in connection with the testimony sought to be elicited from the attorney who conducted the proceedings on the note, and which related to the instructions given to him by the officers of the bank in reference to the note, was to show that Eldridge, the witness and indorser, paid the note at maturity, and desired the bank, on his behalf, to bring an action upon it, in order that he might collect it from other persons including the appellant; and to show in that way that the Rochester Bank in fact had no interest in, and no title to, the judgment, and, therefore, could convey none to the respondent by any process which they might employ.

It is true that this particular feature of the defence was not set forth in the answer in detail, the averment in reference to title being generally that the plaintiff was not the the real party in interest, and that the judgment, if any existed, belonged to one Freeman Clark. But the objection to the introduction of the evidence was not based upon the omission mentioned, but upon its immateriality and upon the proposition that it contradicted a record, and, in reference to Eldridge, that he was estopped by the record.

We do not understand how that line of the defense, under the circumstances disclosed, could have been prevented, because it might well be that the defendant Eldridge, for the purpose of protecting himself, and relying upon the integrity of the officers of the bank, would pay the note, and request the bank to prosecute it to judgment against all, that he might upon the filing of the judgment call upon the other defendants for payment or contribution. Such proof would not have the effect of contradicting a record. It

would show an independent agreement in reference to the judgment itself, affecting its ownership. It did not conflict with the record, because it was conceded, by the very proposition which was then sought to be maintained, that the judgment was properly obtained against him by default and against the other defendants as well. The effort was to show the effect of the judgment, and that, though apparently the property of the bank, it was in point of fact his property, and put into the form which it assumed at his request and for a purpose which he designed to accomplish. Whether this was correct or not, depended entirely upon the testimony affecting the issue, to be considered and determined by the jury. But there can be no doubt that if the fact were established as asserted, the bank had no title to the judgment, and therefore none was possessed by the plaintiff as its assignee. We think for these reasons that the judgment should be reversed, and a new trial granted, with costs to abide the event.

DAVIS, P. J., concurred.

BARRETT, J.:

I entirely agree to all that my brother BRADY has said in this case. There is one additional consideration, however, which it may be proper to notice. It was suggested by the court below, as a reason for excluding the evidence referred to, that the plaintiff taking from the bank, was to be treated as a trustee for Eldridge, and liable to the latter for whatever may be here recovered, just as the bank would have been. But if the position of the bank were that of a trustee for Eldridge, the judgment was not really a part of its assets, and consequently was not covered by the alleged transfer to the plaintiff. The latter was president of the bank and knew all the facts. He took with notice. He knew that Eldridge was the real owner of the judgment and that the bank was simply a trustee. I speak, of course, of the effect of the evidence if admitted. The bank could not constitute the plaintiff its successor to the trust nor did it attempt to do so. It simply, so it is claimed, assigned to him *its assets ;* that is, what, when reduced to possession, it would have been entitled to retain. If, therefore, the evi-

dence had been admitted, it would have tended to show, in addition to what is stated by Mr. Justice Brady, that the alleged assignment of its assets did not pass the judgment to the plaintiff, and that the legal title thereto is still vested in the bank.

Judgment reversed, new trial ordered, costs to abide event.